NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 6 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

LIAN BIE LIM and RYANDI SISWOJO,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 18-71711

Agency Nos. A098-131-042,
A098-131-043

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022**
Pasadena, California

Before: TASHIMA and LEE, Circuit Judges, and CARDONE,*** District Judge.

Petitioners Lian Bie Lim and Ryandi Siswojo, citizens of Indonesia, petition

for review of the decision of the Board of Immigration Appeals (BIA) denying

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

their motion to reopen their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Our jurisdiction is governed by 8 U.S.C. § 1252. "We review denials of motions to reopen for abuse of discretion, and defer to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law." *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (citations omitted). The BIA's determination of purely legal questions is reviewed de novo and its factual findings are reviewed for substantial evidence. *Id.* We deny the petition for review.

1.     The BIA did not err in concluding that Petitioners' evidence failed to make out a prima facie case for asylum relief. On a motion to reopen based on changed country conditions, the movant must produce previously unavailable, material evidence of changed conditions in the country of removal. *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017). This evidence must, when considered with the movant's original evidence, establish prima facie eligibility for relief. *Id.*

As Christian, ethnically Chinese Indonesians, Petitioners are members of two disfavored groups. *See Salim v. Lynch*, 831 F.3d 1133, 1140 (9th Cir. 2016) (citing *Tampubolon v. Holder*, 610 F.3d 1056, 1058 (9th Cir. 2010)) (stating that Indonesian Christians are a disfavored group); *Tampubolon*, 610 F.3d at 1060 (citing *Sael v. Ashcroft*, 386 F.3d 922, 927 (9th Cir. 2004)) (stating that Chinese Indonesians are a disfavored group). This means that, to set out a prima facie case

for asylum relief, Petitioners must present some evidence that they face an individualized risk of harm if they return to Indonesia. *See Tampubolon*, 610 F.3d at 1062. Evidence of past threats and violence on the basis of a movant's membership in a disfavored group can establish this individualized risk, even if these experiences fell short of persecution. *Sael*, 386 F.3d at 927.

Substantial evidence supports the BIA's determination that Petitioners have not presented evidence of relevant past threats and persecution. At their original hearing, Petitioners described three events that convinced them to leave Indonesia: an incident where a group of young men attempted to sexually assault Ms. Lim, an incident where Ms. Lim was beaten after she was unable to comply with an extortion demand, and an incident where a mob mistook Petitioners for members of a different ethnic group and burned down their store. These first two events arguably show that Ms. Lim was the victim of threats and violence due to her Chinese ethnicity. However, that evidence is not relevant to Petitioners' motion to reopen. Although Petitioners seek relief on the basis of both their ethnicity and religion, their evidence of changed country conditions overwhelmingly focuses on changed conditions for Christians—not for Chinese Indonesians—and substantial evidence supports the conclusion that Ms. Lim was not targeted on the basis of her religion.

Substantial evidence also supports the BIA's determination that Petitioners

have not otherwise shown individualized risk. Ms. Lim submitted a personal declaration and letters from family members in Indonesia recounting their fears about the situation of Indonesian Christians. These documents express concern about large-scale political events and social conditions, but do not show that Petitioners would be in more danger than any other Christian in Indonesia. This is insufficient to establish individualized risk. *See Salim*, 831 F.3d at 1140 (finding that petitioner's evidence about his family's "personal experiences," including recent threats to their local church, showed individualized risk).

2. Because substantial evidence supports the BIA's conclusion that Petitioners did not make out a prima facie case for asylum relief, Petitioners' evidence also fails to show their eligibility for withholding of removal. To be eligible for withholding, a petitioner must demonstrate a clear probability of future persecution. *Toufighi v. Mukasey*, 538 F.3d 988, 991 n.2 (9th Cir. 2008). This "clear probability" is a higher bar than the "well-founded fear" standard that Petitioners have failed to meet for their asylum claim. *See id.*

3. Finally, Petitioners have not made a prima facie case for protection under the CAT. Petitioners did not challenge the BIA's denial of their CAT claim in their brief and therefore waived the argument. *See Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013) (stating that a petitioner waives an argument for CAT relief if it is not raised in the opening brief).

Even if Petitioners had not waived their claim for protection under the CAT, the claim would be without merit. To qualify for CAT relief, Petitioners must establish that it is more likely than not that a government official would torture them or "aid or acquiesce in [their] torture by others." *Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009). Since substantial evidence supports the determination that Petitioners have not shown that it is reasonably likely that they would face persecution, they cannot show on these facts that it is more likely than not that they would be tortured. *See Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005) ("[T]orture is more severe than persecution and the standard of proof for [a] CAT claim is higher than the standard of proof for an asylum claim.").

4. Because Petitioners have not shown prima facie eligibility for relief, we need not reach the question of whether the BIA erred in finding that their evidence was insufficient to show changed country conditions. *See Najmabadi*, 597 F.3d at 986 (stating that failure to establish a prima facie case and failure to introduce sufficient evidence of changed country conditions are "independent grounds" on which the BIA can deny a motion to reopen (citing *INS v. Doherty*, 502 U.S. 314, 323 (1992))).

**PETITION FOR REVIEW DENIED.**